UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD KAUFMAN,

    Plaintiff

vs                                                Case No: 08-13762
                                                Honorable Victoria A. Roberts

HUGH WOLFENBARGER,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## MOTION FOR PARTIAL DISMISSAL

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

This matter is before the Court on Defendants Hugh Wolfenbarger ("Wolfenbarger"), Macomb Correctional Facility ("MCF"), and Michigan Department of Corrections' (collectively "Defendants") "Motion for Partial Dismissal." (Doc. #8). Plaintiff Leonard Kaufman ("Kaufman") did not respond.

Kaufman, a bilateral leg amputee and inmate at MCF, filed a Complaint against Defendants on September 2, 2008 for the denial of adequate rehabilitative facilities and medical care. Kaufman alleges Defendants violated: (1) the Fourteenth Amendment; (2) 42 U.S.C. §1983; (3) 28 U.S.C. §1331; and (4) the Rehabilitation Act, 29 U.S.C. §794. The Complaint does not indicate whether Wolfenbarger is sued in his individual or official capacity. Wolfenbarger assumes he is sued in both capacities.

As an initial matter, Kaufman does not have a cause of action under 28 U.S.C. §1331. Section 1331 merely gives "district courts . . . original jurisdiction of all civil

1

actions arising under the Constitution, laws, or treaties of the United States."

In addition, MCF is a building and not a proper party because it does not exist separately from the State agency. *Tipolt v. Michigan Dep't of Corrections*, 2008 WL 4298467 at *1 (E.D. Mich. Sept. 18, 2008).

Further, Kaufman incorrectly brought a claim under the Fourteenth Amendment instead of the Eighth Amendment. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (convicted prisoners are within the protection of the Eighth Amendment); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a deliberate indifference to serious medical needs violates the Eighth Amendment).

Defendants ask the Court to dismiss Kaufman's claims against:

(1) Wolfenbarger (in his individual capacity) under the Rehabilitation Act;

(2) All Defendants for punitive damages under the Rehabilitation Act; and

(3) Wolfenbarger (in his official capacity) and the Michigan Department of Corrections ("MDOC") for violation of 42 U.S.C. §1983.

For the following reasons, Defendants' motion is **GRANTED**.


## II.    STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Fed. R. Civ. P. 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in

ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)). However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240 (citations omitted).

## III. APPLICABLE LAW AND ANALYSIS

### A. Violation of The Rehabilitation Act

#### 1. Kaufman's Claim Against Wolfenbarger (in his Individual Capacity) Under The Rehabilitation Act

Under 29 U.S.C. §794(a), "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]". A "program or activity" includes:

    (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

    (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

    (2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or

(B) a local educational agency . . ., system of vocational education, or other school system;

(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship –

(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii) which principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3)[.]

29 U.S.C. §794(b).

Because Wolfenbarger does not qualify as a "program or activity" that receives Federal financial assistance, he cannot be liable under the Rehabilitation Act – in his individual capacity. *See Calloway v. Boro of Glassboro Dep't of Police*, 89 F.Supp.2d 543, 557 (D.N.J. 2000) ("the weight of judicial authority supports [the] conclusion that individual defendants cannot be held liable for violations of . . . the Rehabilitation Act") (citations omitted); *see also Skibbe v. Michigan Dep't of Corrections*, 2006 WL 625869 at *3 (W.D. Mich. March 9, 2006) ("[b]ecause individuals . . . are not public entities providing programs or activities to which . . . the [Rehabilitation Act] appl[ies], they cannot be liable in their personal capacities under [the] Act.").

### 2. Punitive Damages Under the Rehabilitation Act

While Kaufman's Complaint does not request punitive damages under the

Rehabilitation Act, Defendants assume he seeks punitive damages.

Assuming Kaufman seeks punitive damages under the Rehabilitation Act, his claim fails. The Sixth Circuit Court of Appeals held that punitive damages are inappropriate under the Rehabilitation Act. *See Moreno v. Consolidated Rail Corp.*, 99 F.3d 782, 791-92 (6th Cir. 1996).

**B.     Violation of 42 U.S.C. §1983**

**1.     Kaufman's Claim Against Wolfenbarger (in his Official Capacity) Under 42 U.S.C. §1983**

Kaufman brought a 42 U.S.C. §1983 claim against Wolfenbarger for a violation of his Eighth Amendment rights (incorrectly cited as Fourteenth Amendment rights).

Defendants say Kaufman's claim against Wolfenbarger – in his official capacity – under 42 U.S.C. §1983 is barred by the Eleventh Amendment.

Eleventh Amendment immunity applies to actions against state officials sued in their official capacity for money damages. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002); *Edelman v. Jordan*, 415 U.S. 651, 664-66 (1974)).

Kaufman only seeks money damages. Assuming Kaufman sued Wolfenbarger in his official capacity as warden of MCF, he fails to state a claim upon which relief can be granted.

**2.     Kaufman's Claim Against MDOC Under 42 U.S.C. §1983**

Kaufman brought a 42 U.S.C. §1983 claim against MDOC for a violation of his Eighth Amendment rights (incorrectly cited as a Fourteenth Amendment rights).

42 U.S.C. §1983 says:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

(Emphasis added).

Kaufman's claim against MDOC under 42 U.S.C. §1983 fails. The MDOC is not a "person" subject to suit under §1983. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989)).

## IV. CONCLUSION

Defendants' motion is **GRANTED**. The Court **DISMISSES** Kaufman's claims against:

(1) MCF;

(2) MDOC and Wolfenbarger (in his official capacity) under 42 U.S.C. §1983 for violation of his Eighth Amendment rights (incorrectly cited as Fourteenth Amendment rights); and

(3) Wolfenbarger (in his individual capacity) under the Rehabilitation Act.

Assuming Kaufman requests punitive damages under the Rehabilitation Act, his claim is **DISMISSED**.

Kaufman's claims against: (1) Wolfenbarger (in his individual capacity) under 42 U.S.C. §1983 for violation of his Eighth Amendment rights (incorrectly cited as Fourteenth Amendment rights); (2) Wolfenbarger (in his official capacity) under the Rehabilitation Act; and (3) MDOC under the Rehabilitation Act will proceed to trial.

**IT IS ORDERED.**

                                                          s/Victoria A. Roberts
                                                          Victoria A. Roberts
                                                          United States District Judge

Dated: December 16, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 16, 2008.
>
> s/Linda Vertriest
> Deputy Clerk