UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LEONARD KAUFMAN #197407**

                Plaintiff(s),                    CASE NUMBER:    08-13762

v.                                                     HONORABLE VICTORIA A. ROBERTS

**HUGH WOLFENBARGER,**
**MICHIGAN DEPARTMENT OF CORRECTIONS,**

                Defendant(s).
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR DISMISSAL**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Leonard Kaufman is a bilateral leg amputee who wears prosthetic legs, has pruritus (a condition that causes severe itching), and suffers from atrophy from being confined to a wheelchair for a lengthy period of time.

On September 2, 2008, Kaufman filed a two-count Complaint against Warden Hugh Wolfenbarger, the Macomb Correctional Facility, and the Michigan Department of Corrections ("MDOC") for: (1) violation of 42 U.S.C. §1983; and (2) violation of the Rehabilitation Act, 29 U.S.C. §794.

On December 16, 2008, the Court dismissed Kaufman's claims against:

(1)    Macomb Correctional Facility;

(2)    MDOC and Wolfenbarger (in his official capacity) under 42 U.S.C. §1983 for violation of his Eighth Amendment rights (incorrectly cited as Fourteenth Amendment rights); and

(3)    Wolfenbarger (in his individual capacity) under the Rehabilitation Act.

1

The Court held that Kaufman's claims against: (1) Wolfenbarger (in his individual capacity) under 42 U.S.C. §1983 for violation of his Eighth Amendment rights (incorrectly cited as Fourteenth Amendment rights); (2) Wolfenbarger (in his official capacity) under the Rehabilitation Act; and (3) MDOC under the Rehabilitation Act will proceed to trial.

Before the Court is Wolfenbarger and MDOC's Motion for Dismissal. (Doc. #24). Defendants ask the Court to dismiss Kaufman's Complaint in its entirety.

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

### III. KAUFMAN'S CLAIM AGAINST WOLFENBARGER (IN HIS INDIVIDUAL CAPACITY) UNDER 42 U.S.C. §1983

#### A. Termination of Kaufman's Pruritus Medication

Kaufman says Wolfenbarger was deliberately indifferent to his serious medical needs by terminating his pruritus medication in May 2006.

The exhaustion provision of the Prison Litigation Reform Act ("PLRA") says, "No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A prisoner must comply with a system's critical procedural rules to "properly exhaust" a claim. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). This requirement was clarified in *Jones v. Bock*, 549 U.S. 199 (2007):

> Compliance with prison grievance procedures . . . is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. Because Michigan Department of Corrections' Policy Directive 03.02.130 did not require a prisoner to "name all defendants" when filing grievances, the

3

*Jones* Court held this was not necessary to comply with the exhaustion provision. *Id.*

However, *Jones* was based on MDOC Policy Directive 03.02.130, effective November 1, 2000. *Id.* at 916. As the Supreme Court notes, the MDOC revised this directive effective December 19, 2003. *Id.* The new directive governs Kaufman's action; his grievance for the termination of his pruritus medication was filed on June 20, 2006 (Grievance No. MRF 060600787012F). According to the new Policy Directive, "Information provided [on grievance forms] shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 at ¶ T. (Emphasis in original).

Kaufman's claim against Wolfenbarger for terminating his medication in May 2006 cannot proceed; he did not name Wolfenbarger on his grievance form.

### B. Failure to Help Kaufman get Properly Fitting Legs, Supplies for his Legs on a Timely Basis, and Physical Therapy

#### 1. Procedural Arguments

##### a. Failure to Exhaust Administrative Remedies

Kaufman properly exhausted his claims that Wolfenbarger was deliberately indifferent to his serious medical needs when he failed to help him get properly fitting legs, supplies for his legs on a timely basis, and physical therapy. Wolfenbarger was named in Grievance No. MRF 06070089612D1.

##### b. Statute of Limitations

Wolfenbarger says the Court must dismiss Kaufman's allegation that his request for physical therapy was denied in August 2005; Wolfenbarger argues that claim is

barred by the three-year statute of limitations.

The Court disagrees.

Kaufman filed a grievance concerning the denial of physical therapy on July 17, 2006 (Grievance No. MRF 06070089612D1), and the grievance process was not completed until October 2006. The statute of limitations was tolled while Kaufman completed the grievance process. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) ("Prisoners are . . . prevented from bringing suit in federal court for the period of time required to exhaust 'such administrative remedies as are available.' For this reason, the statute of limitations which applied to [plaintiff's] civil rights action was tolled for the period during which his available state remedies were being exhausted") (citations omitted).

Nonetheless, the Court agrees with Wolfenbarger's argument that any complaint about Kaufman's legs, supplies, and physical therapy before he arrived at the Macomb Correctional Facility in March or April 2005, is irrelevant to whether Wolfenbarger was deliberately indifferent to his serious medical needs.

The Court now addresses the merits of Kaufman's claims.

### 2. Deliberate Indifference and Qualified Immunity

Wolfenbarger says he is entitled to qualified immunity on Kaufman's deliberate indifference claim.

*Saucier v. Katz*, 533 U.S. 194 (2001) set out a two-step inquiry that the Court must follow to determine if Wolfenbarger is entitled to qualified immunity. *See Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009). The first step requires the Court to determine "whether the facts that [Kaufman] has alleged . . . or shown . . .

make out a violation of a constitutional right." *See id.* (quoting *Pearson v. Callahan*, 129 S.Ct. 808, 816 (2009)). The second step requires the Court to determine whether the right was "clearly established" at the time of Wolfenbarger's alleged misconduct. *Waeschle*, 576 F.3d at 543. "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Id.* (quoting *Pearson v. Callahan*, 129 S.Ct. 808, 816 (2009)).

With respect to the first prong of the qualified immunity test, Kaufman alleges Wolfenbarger was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "[A]ny prison official, whether or not he occupies a position with supervisory authority, can be held liable if he is aware that an inmate's health or safety is seriously at risk and, despite such knowledge, 'fail[s] to take reasonable measures to abate' the risk." *Allen v. Caruso*, 2009 WL 3063315 at *4 (E.D. Mich. Sept. 18, 2009).

A claim for deliberate indifference contains an objective and a subjective component. *Mabry v. Antonini*, 2008 WL 3820478 at **3 (6th Cir. Aug. 13, 2008).

The objective component requires Kaufman to show a "sufficiently serious" medical need. *See id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A "sufficiently serious" medical need is one that a physician has diagnosed as requiring mandatory treatment or one that a lay person would easily recognize as needing a

doctor's attention.  *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted).  Wolfenbarger concedes this component.

In addition to satisfying the objective component, Kaufman must prove the subjective component as well.  The subjective component requires Kaufman to allege facts that show "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The Court may use circumstantial evidence to draw the inference that prison officials had the requisite knowledge. *Comstock*, 273 F.3d at 703 (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

Wolfenbarger presents an Affidavit that says "I have no direct authority over the administration of health care at [the Macomb Correctional Facility]," and "I was not personally involved in, nor did I participate in Prisoner Kaufman's medical care or any of the alleged acts and/or omissions which form the factual basis for the complaint in this lawsuit."

However, Kaufman's deliberate indifference claim against Wolfenbarger is not based on supervisor liability; his argument is that Wolfenbarger was personally deliberately indifferent to his serious medical needs.  Kaufman presents an Affidavit that says he told Wolfenbarger numerous times of his need for physical therapy and properly fitting legs.  Kaufman testified at his deposition that he talked to Wolfenbarger all the time, and Wolfenbarger was fully aware of his circumstances.  In addition, Kaufman says he suffers from atrophy, and he told Wolfenbarger that he may become

permanently confined to a wheelchair if he does not get physical therapy or properly fitting legs.  Therefore, Kaufman says Wolfenbarger knew he faced a substantial risk of harm.  According to Kaufman, Wolfenbarger disregarded the risk when he: (1) got belligerent, and told Kaufman, "You're getting what you're getting.  You're not getting no more than what you're getting.  You've got legs and all this; walk with them"; (2) attempted to avoid Kaufman when he tried to talk to him; and (3) left Kaufman without properly fitting legs, supplies on a timely basis, and physical therapy, despite Kaufman's notice to Wolfenbarger.

Kaufman's evidence is sufficient to establish a genuine issue of material fact as to whether Wolfenbarger consciously disregarded a risk of serious harm to Kaufman, and therefore, acted with deliberate indifference.  While Wolfenbarger says he does not have direct authority over the administration of health care, there is a question of fact as to whether Wolfenbarger, as Warden of the facility, could help Kaufman get his legs adjusted on an expedited basis, help Kaufman get his supplies on a timely basis, and discuss Kaufman's requests for physical therapy with medical personnel, particularly if he had knowledge concerning Kaufman's circumstances, as Kaufman alleges.

Turning to the second prong of the test, the Court must determine whether Wolfenbarger, as a reasonable person, would have known that he was violating a clearly established right.  *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).  As courts have repeatedly recognized, a prisoner has a right not to have his medical needs disregarded. *See e.g., Estelle v. Gamble*, 429 U.S. 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Helling v. McKinney*, 509 U.S. 25 (1993).  The Sixth Circuit has held,

since 1976, that a prisoner has a cause of action against prison officials when his reasonable requests for medical treatment are denied and he is thereby exposed to undue suffering or the threat of tangible residual injury. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Furthermore, in 1994, the Supreme Court held that a prisoner may bring a claim against a prison official if the prison official acted deliberately indifferent "to inmate health and safety." *Farmer*, 511 U.S. at 834. Accordingly, the Court finds that Kaufman's right was clearly established at the time Wolfenbarger allegedly failed to help Kaufman get properly fitting legs, supplies for his legs on a timely basis, and physical therapy.

### IV.     KAUFMAN'S CLAIM AGAINST MDOC AND WOLFENBARGER (IN HIS OFFICIAL CAPACITY) UNDER THE REHABILITATION ACT

Kaufman's Complaint alleges that in March 2006, Defendants violated the Rehabilitation Act by denying him an equal opportunity to use the exercise equipment to rehabilitate his lower extremities. Kaufman says an obstacle at the entrance of the weight pit prevents him from entering the pit in his wheelchair.

The Rehabilitation Act says, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]". 29 U.S.C. §794(a).

To succeed on his claim under the Rehabilitation Act, Kaufman must prove: (1) he is a "handicapped person" under the Act; (2) he is "otherwise qualified" for participation in the program; (3) he is excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of

9

his handicap; and (4) the relevant program or activity is receiving Federal financial assistance. *See Doherty v. S. Coll. of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988) (citations omitted).

Defendants only dispute the third element.

The Court finds a genuine issue of material fact exists regarding whether Kaufman was denied access to the weight pit solely because of his handicap. A reasonable jury could find that the obstacle Kaufman says prevented him from entering the weight pit, or the fact that inmates in wheelchairs cannot maneuver in the weight pit, means handicapped inmates are not provided the same access to the weight pit as non-handicapped inmates. *See Se. Cmty. Coll. v. Davis*, 442 U.S. 397, 410 (1979) (the Rehabilitation Act requires "the evenhanded treatment of handicapped persons" relative to those persons who do not have disabilities).

Wolfenbarger's assertion in his Affidavit that the Macomb Correctional Facility is designated as a handicap accessible facility, does not mean the weight pit is handicap accessible; Kaufman submitted an Affidavit that says the entrance to the weight pit area is framed with 2 x 4 boards, creating a 4" obstacle at the entrance.

**V.    CONCLUSION**

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Kaufman's claim against Wolfenbarger (in his individual capacity) under 42 U.S.C. §1983, for terminating his pruritus medication, is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Kaufman's claim against Wolfenbarger (in his individual capacity), under 42

U.S.C. §1983, for failing to help him get properly fitting legs, supplies for his prosthetic legs on a timely basis, and physical therapy, will proceed to trial.

Kaufman's claim against Wolfenbarger (in his official capacity) and MDOC under the Rehabilitation Act, will proceed to trial.

**IT IS ORDERED**.

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: January 13, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 13, 2010.

s/Linda Vertriest
Deputy Clerk